# United States Court of Appeals for the Fifth Circuit

_____

No. 23-10912

_____

United States Court of Appeals
Fifth Circuit

**FILED**

November 26, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Quintaveaus Williams,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:20-CR-260-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Appellant Quintaveaus Williams pleaded guilty to two counts of possessing a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) and obstruction of justice under 18 U.S.C. § 1503(a). As part of his written plea agreement, Williams waived his right to appeal. At sentencing, Williams objected to any sentence imposed on the § 922(g)(1) counts, contending that the statute violates the Second Amendment under

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10912

*New York Rifle and Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). The district court overruled the objection and imposed a sentence totaling 180 months.

Williams appeals, contending that § 922(g)(1) exceeds Congress's authority under the Commerce Clause and violates the Second Amendment. The government contends that Williams waived this challenge when he entered into the plea agreement.

We pretermit the question of waiver because even if his appeal is not barred, Williams' arguments lack merit. As Williams acknowledges, his Commerce Clause argument is foreclosed. *See United States v. Perryman*, 965 F.3d 424, 426 (5th Cir. 2020). Additionally, we recently held that § 922(g)(1) does not violate the Second Amendment. *See United States v. Diaz*, 116 F.4th 458, 471 (5th Cir. 2024). Because Williams cannot prevail under any standard of review even if he did not waive his challenge, we AFFIRM.